IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL and VALERY O'CONNELL, | Cause No. CV 19-48-H-BMM-JTJ |
| Plaintiffs, | |
| vs. | ORDER and FINDINGS |
| | AND RECOMMENDATION |
| MONTANA SUPREME COURT, | OF U.S. MAGISTRATE JUDGE |
| Defendant. | |

Plaintiffs Daniel and Valery O'Connell filed this action on July 17, 2019.

They seek trial and injunctive relief against orders entered in courts of the State of

Montana as well as declaratory relief holding that the Montana Supreme Court

violated their federal constitutional rights. *See* Compl. (Doc. 1) at 1.

## I. Motion to Proceed In Forma Pauperis

The O'Connells' motion is irregular and unpersuasive. To support their

declaration of their monthly income, they attach a letter from the Department of

Veterans Affairs. The letter is dated September 28, 2015, and someone blacked

out the letter's report of their monthly income and wrote in a figure that matches

the O'Connells' self-report. *See* Mot. Ex. VA Letter (Doc. 1-1) at 1.

But there is no reason to delay resolution of this action. The $400.00 filing

fee will be waived.

1

## II.  Screening Requirement

The O'Connells are proceeding in forma pauperis.  The Court must review the complaint to determine whether it fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The O'Connells are also self-represented.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).  Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added).

Regardless of fee status or self-representation, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## III.  The O'Connells' Allegations

In the fall of 2017, the district court in Montana's Sixth Judicial District, Park County, granted a temporary protective order against the O'Connells.  A permanent order was issued in June 2018.  The O'Connells are prohibited from contacting members of the Board of Directors of the Glastonbury Landowners

Association ("GLA") and must maintain a specific physical distance as well.  *See* Compl. at 3, 7, 15; Compl. Ex. Final Order of Protection (Doc. 2-1 at 2–3).  The O'Connells appealed to the Montana Supreme Court.  On May 28, 2019, the Montana Supreme Court affirmed the district court, and on June 25, 2019, it denied rehearing.  *See* Compl. Ex. Orders (Doc. 2-1 at 4–17).

The O'Connells assert that the protective orders were not entered in accordance with applicable laws and procedures.  They assert violations of their First Amendment right to free speech, their Fifth[1] Amendment right to due process, and their Sixth Amendment right to present a defense.  *See* Compl. (Doc. 2) at 2–6. They state:

> O'Connells' appeal to Montana Supreme Court said all this above; yet Montana Supreme Court refused to correct these first amendment free speech rights violations cited in the appeal and lower court; and fifth amendment due process right violations cited in the appeal and lower court; and sixth amendment right violations cited in the appeal and lower court.

Compl. at 6.

For their relief, the O'Connells ask the Court to enjoin the protective orders because the permanent order violates their right to due process by conflicting with a state statute, Mont. Code Ann. § 40-15-201 and -204(1), and because the interim

---

[1]  The Fifth Amendment's Due Process Clause applies only to the federal government. The Fourteenth Amendment's Due Process Clause would apply.  The distinction makes no difference in the outcome.

order violates their right to due process by declaring their conduct to be stalking despite the fact that GLA never indicated to the O'Connells that it felt threatened. *See* Compl. at 7–8.

The O'Connells also ask the Court to hold a hearing and issue a declaratory judgment, *see id*. at 8, "that challenges Montana Supreme Court upholding the vague application of stalking statute," Mont. Code Ann. § 45-5-220, "as partially unconstitutional, thereby allowing for a narrower construction by the state courts," because "this application of the stalking statu[t]e upheld by the MT. Supreme Court is unconstitutionally vague," *see* Compl. at 10.  They contend that "**application** of the stalking statute" to their conduct "is unconstitutionally vague or else too general to prove 'purposely or knowingly' stalking," *id*. at 11 (bold text in original), and they fear that applying the stalking statute to their conduct could mean that "many Montanans could be swept up in defending such vague claims of stalking in the future."  *Id*.

The O'Connells also ask the Court "to declare Montana Supreme Court Opinions violate O'Connells' constitutional rights of free speech, due process, and property rights."  Compl. at 12–13; *see also id.* at 18–19 (summarizing claims and relief sought).

## IV.  Analysis

A federal district court has original, not appellate, jurisdiction.  *See* 28

U.S.C. §§ 1331, 1332(a).  Only the United States Supreme Court may "entertain a proceeding to reverse or modify the judgment" of a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).  This fundamental precept, called "the *Rooker-Feldman* doctrine," "prevents the lower federal courts from exercising jurisdiction" over a case brought by a party that lost in state court if the party "challeng[es] 'state-court judgments rendered before the [federal] district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Even a complaint that does not expressly request appeal may be barred by the *Rooker-Feldman* doctrine.  A complaint is a *de facto* appeal if the plaintiff complains "of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court," or if the plaintiff complains "of a legal injury caused by a state court judgment, based on an allegedly erroneous ruling, in a case in which the federal plaintiff was one of the litigants."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

The O'Connells allege the state courts committed legal error both in the

procedures they followed and in the interpretation of relevant state statutes.[2]  On

their own behalf and putatively on behalf of "many Montanans" who may be

"swept up in defending such vague claims of stalking in the future," Compl. at 11,

they request declaratory relief to "challenge the application of Montana stalking

statute (in case DV-17-135)" to their conduct, *id.* at 13.  The courts of the State of

Montana decided to apply the statute to their conduct and, as a result, the

O'Connells are now subject to a protective order.  The injuries the O'Connells

allege are the existence of the protective order and the concomitant prospect of

prosecution if they violate orders issued and affirmed by the state courts.

The O'Connells' case is barred by the *Rooker-Feldman* doctrine as a

prohibited *de facto* appeal.  This Court has no jurisdiction to hear it.

This conclusion does not deprive the O'Connells of a remedy.  The

O'Connells had the opportunity to petition the United States Supreme Court to

grant a writ of *certiorari* and review the federal questions they raised on appeal.

*See* U.S. Sup. Ct. R. 13(1), (3).  Regardless of whether or why the O'Connells did

or did not timely file a petition, nothing could give this Court appellate jurisdiction

---

[2]  Even the United States Supreme Court cannot correct the Montana Supreme Court's interpretation of state law.  The United States Supreme Court could hold invalid or unenforceable a state law that contravenes the federal Constitution, *see* U.S. Const. art. VI, cl. 2, but it would necessarily assume that Montana law is what the Montana Supreme Court says it is. *See, e.g.*, 28 U.S.C. § 1257(a); *Broad River Power Co. v. State of South Carolina ex rel. Daniel*, 281 U.S. 537, 540–41 (1930), *cited in Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Protection*, 560 U.S. 702, 725 (2010).

it does not have.

Based on the foregoing, the Court enters the following:

## ORDER

The O'Connells' motion to proceed in forma pauperis (Doc. 1) is

GRANTED.  The clerk shall waive payment of the filing fee and edit the docket

text to show the Complaint (Doc. 2) is filed.

The Court also enters the following:

## RECOMMENDATION

1.  The Complaint (Doc. 2) should be DISMISSED for lack of jurisdiction.

2.  The clerk should be directed to enter, by separate document, a judgment

of dismissal.

3.  The District Court should CERTIFY, pursuant to Federal Rule of

Appellate Procedure 24(a)(4)(B), that any appeal from its disposition would not be

taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The O'Connells may object to this Findings and Recommendation within 14

days.  *See* 28 U.S.C. § 636(b)(1).[3]  Failure to timely file written objections may bar

---

[3] This deadline allows a party to act within 14 days after the Findings and
Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days

a de novo determination by the district judge and/or waive the right to appeal.

The O'Connells must immediately advise the Court of any change in their mailing address.  Failure to do so may result in dismissal of this action without notice to them.

DATED this 17th day of October, 2019.

 */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

after the period would otherwise expire.