# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

|  |  |
|---|---|
| DANIEL AND VALERY O'CONNELL,<br><br>     Plaintiffs,<br>vs.<br><br>MONTANA SUPREME COURT,<br><br>     Defendant. | **CV 19-48-H-BMM-JTJ**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiffs Daniel and Valery O'Connell (collectively, "the O'Connells") filed a Motion to Proceed in Forma Pauperis and submitted an affidavit in support on July 17, 2019. (Doc. 1.) The O'Connells also filed a Complaint on July 17, 2019. (Doc. 2.) Because the O'Connells are proceeding in forma pauperis, United States Magistrate Judge John Johnston had a duty to screen the O'Connells' Complaint before it was served on defendants pursuant to 28 U.S.C. § 1915(e)(2). Judge Johnston reviewed the Complaint to identify cognizable claims.

Judge Johnston issued Findings and Recommendations on October 17, 2019. (Doc. 7.) Judge Johnston recommends that the Court dismiss the O'Connells' Complaint for lack of jurisdiction. (*Id.* at 7.) Judge Johnston determined that the *Rooker-Feldman* doctrine barred the O'Connells' Complaint as a prohibited *de*

1

*facto* appeal. (Doc. 7 at 5-6 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)).) The O'Connells filed an objection to Judge Johnston's Findings and Recommendations on October 21, 2019. (Doc. 8.)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

The O'Connells object to Judge Johnston's conclusion that the *Rooker-Feldman* doctrine bars the O'Connells' claims. (Doc. 8 at 1.) The O'Connells' Complaint seeks injunctive relief against orders entered in courts of the State of Montana. (Doc. 1 at 1.) The O'Connells' Complaint also seeks declaratory relief

holding that the Montana Supreme Court violated their federal constitutional rights. (*Id.*)

Federal district courts have original, not appellate, jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a). Only the United States Supreme Court may "entertain a proceeding to reverse or modify the judgment" of a state court. *Rooker*, 263 U.S. at 415-16. This Court lacks jurisdiction to hear the O'Connells' claims. The O'Connells complain that Judge Johnston's conclusion leaves the O'Connells with no chance to sue in federal courts and "eliminates" the Civil Rights Act, 42 U.S.C. § 1983. (*Id.*) Judge Johnston noted, however, that the O'Connells may petition the United States Supreme Court to grant a writ of certiorari to review the federal questions that they raised on appeal. (Doc. 7 at 6 (citing U.S. Sup. Ct. R. 13(1), (3)).)

The O'Connells' objections otherwise advance the same arguments they made in their Complaint. Judge Johnston considered those arguments in making his recommendation to the Court. The Court finds no other specific objections that do not attempt to relitigate the same arguments and reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 7) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 2) is **DISMISSED** for lack of jurisdiction.

The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

DATED this 7th day of November, 2019.

Brian Morris
United States District Court Judge